# 95 DTA 67

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE ARECIBO Y UTUADO

EVELYN BERMUDEZ BERMUDEZ
Demandante-Recurrida

v.

RAFAEL RODRIGUEZ ALEJANDRO (Demandado)
Y MARGARITA SANCHEZ ALICEA
Demandada-Peticionaria

Núm. KLCE-95-00062

San Juan, Puerto Rico, a 25 de abril de 1995

Panel integrado por su presidente, Juez Arbona Lago
y los Jueces Giménez Muñoz y Salas Soler

Giménez Muñoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

Nos corresponde resolver si la ex-esposa de un alimentante debe permanecer como parte demandada en una acción de alimentos cuando se divorció de aquel luego de radicarse una reclamación de alimentos contra ambos. Debemos examinar también el alcance del derecho de los entonces cónyuges de no expresar las razones por las cuales decidieron divorciarse.

### II

Se desprende de los autos del caso, que la Sra. Evelyn Bermúdez, demandante-recurrida, radicó demanda de alimentos el 31 de agosto de 1994 en contra del Sr. Rafael Rodríguez Alejandro, su esposa Margarita Sánchez Alicea y la Sociedad Legal de Gananciales por ellos constituida. Alegó la demandante que era madre con patria potestad y custodia de la menor, Carlamiosoti Rodríguez Bermúdez, hija del co-demandado, Rafael Rodríguez Alejandro, casado en nuevas nupcias con la co-demandada y peticionaria, Margarita Sánchez Alicea.

El Tribunal de Primera Instancia citó a las partes a vista ante la Examinadora de Pensiones Alimenticias, quien rindió un informe que fuera aprobado y adoptado por el Tribunal. Una nueva vista fue celebrada el 21 de noviembre de 1994, ante el Tribunal apelado cuando se discutió la cuestión de derecho sobre la petición de exclusión de parte de la peticionaria. Fundamentó su petición la peticionaria, luego de ofrecer en evidencia la Sentencia de Divorcio de 14 de octubre de 1994, en que su responsabilidad había terminado al quedar roto el vínculo que le unía al co-demandado y padre de la menor por lo que era improcedente considerar el sumar su sueldo al del hasta entonces marido suyo. Sobre este divorcio se señaló en Instancia que el mismo podía resultar ser colusorio o en fraude de acreedores por lo que procedía tomarse en consideración. El Tribunal de Instancia denegó la petición de exclusión de parte por Resolución de 18 de enero de 1995.

En su recurso de *certiorari*, la peticionaria señala que no existe vínculo que la relacione u obligue con la reclamante y que el divorcio llevó consigo la ruptura completa del vínculo matrimonial, por lo que, la obligación del sustento de la menor corresponde al padre y madre biológica.

### III

La obligación de prestar alimentos a los descendientes menores de edad, se encuentra recogida en los artículos 118 y 153 del Código Civil, 31 L.P.R.A. secs. 466 y 601 que disponen esta obligación tanto al padre como a la madre al señalar que tienen *"el deber de alimentarlos...educarlos e instruirlos con arreglo a su fortuna...".*

Según el artículo 1308 del Código Civil, 31 L.P.R.A. sec. 3661, la obligación de prestar alimentos subsiste sobre el padre y la madre, aún después del divorcio. Esta obligación recae sobre una nueva sociedad de gananciales que pueda constituir cualquiera de los dos padres.

El artículo 1308, *supra*, dispone que:

*"Serán de cargo de la sociedad de gananciales*

............

*(5) El sostenimiento de la familia y la educación de los hijos comunes y de **cualquiera** de los cónyuges."* (Énfasis nuestro).

En *Vega v. Vega Oliver,* 85 D.P.R. 675 (1962), se resolvió que existe la obligación de dar alimentos a hijos menores no emancipados, aunque fueran de matrimonios anteriores de uno de los cónyuges. Esta norma fue reiterada en *López v. Rodríguez,* 121 D.P.R. 23 (1988).

De otra parte, el artículo 147 del Código Civil, 31 L.P.R.A. sec. 566, establece que *"la obligación de alimentos es exigible desde que los necesitare para subsistir la persona que tuviere derecho a percibirlos; pero no se abonarán sino desde la fecha en que se interponga la demanda".*

El artículo 19 de la Ley Especial de Sustento de Menores, según enmendada, 8 L.P.R.A. sec. 518, igualmente dispone que *"los pagos por concepto de pensiones alimentarias y de aumentos en las mismas serán efectivos desde la fecha en que se radicó la petición de alimentos o se emitió la orden por el Administrador".*

El artículo 1325 del Código Civil, 31 L.P.R.A. sec. 3700, dispone sobre la liquidación de la sociedad de gananciales que:

*"De la masa común de bienes se darán alimentos al cónyuge superviviente y a sus hijos mientras se haga la liquidación del caudal inventariado y hasta que se les entregue su haber; pero se les rebajarán de éste, en la parte en que excedan de lo que les hubiese correspondido por razón de frutos o rentas."*

En vista de lo dispuesto en estos artículos, es diáfano que existe la obligación de pagar alimentos razonables que puedan fijarse en instancia. Esa obligación también recae sobre la sociedad de gananciales Rodríguez-Sánchez, al menos hasta la fecha en que ésta concluya, conforme resuelto en *Janer v. Tribunal,* 90 D.P.R. 281 (1964), y de ahí en adelante, mientras esté pendiente su liquidación del caudal social, también la pensión se sacará del caudal común, pero el ex-cónyuge sin relación filial tendrá derecho a un crédito contra el otro en la cuenta final de la liquidación de la sociedad de gananciales.

En cuanto al efecto que pueda tener, si alguno, el divorcio de la co-demandada peticionaria, si obtenido para subvertir su responsabilidad de pagar alimentos, entendemos que las partes deben tener oportunidad de presentar prueba al respecto, ya que la intimidad de los co-demandados no es óbice para buscar las verdaderas razones de su decisión de divorciarse.

En caso de que el divorcio en la causa DDI94-1980, no se demuestre espúreo (la presunción es de validez, Art. 16 (19) y (32), Ley de Evidencia) la obligación alimentaria de la sociedad de gananciales Rodríguez-Sánchez comenzó el 31 de agosto de 1994 con la solicitud de alimento y terminó el 7 de diciembre de 1994, cuando el divorcio advino final y firme. En tal caso y sólo mientras no se liquide finalmente la sociedad de gananciales, ya disuelta, los alimentos a que el señor Rodríguez venga obligado, luego del 7 de diciembre de 1994, se podrán obtener de la masa ganancial en liquidación, con cargo al señor Rodríguez hasta la fecha final de liquidación de gananciales. Sólo permaneciendo en el pleito podrá la peticionaria defender su posición al respecto. Así también lo autoriza la Regla 13.1 de Procedimiento Civil.

En *Figueroa Ferrer v. E.L.A.,* 107 D.P.R. 250 (1978), nuestro más alto foro instauró la causal de divorcio por consentimiento mutuo, afianzada en el derecho a la intimidad. De tal forma sostuvo que las partes no necesitan *"expresar las razones de su decisión, si a su juicio ello conlleva la revelación indeseada de su vida íntima".* Este derecho sin embargo, no es

absoluto y el Estado puede intervenir con la intimidad de los individuos i 83 D.P.R. 167 (1961).

En *Negrón Rivera, Ex Parte,* 120 D.P.R. 61 (1987), fue resuelto que los casos relacionados con alimentos de menores están revestidos del más alto interés público y si la demandante considera que cuenta con prueba para atacar la validez del divorcio DDI94-1980 en protección del interés de su hija, resulta insoslayable que litigue al respecto. Por ello el derecho a la intimidad de los codemandados debe ceder en tanto y en cuanto sea necesario dentro del litigio que puede que envuelva la validez del dictamen de divorcio. Otro curso decisorio frustraría los derechos de la demandante.

Por las consideraciones apuntadas, se deniega la expedición del recurso solicitado y se devuelven los autos al Tribunal de Instancia para ulteriores procedimientos consistentes con lo aquí expresado.

Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 67

**1.** Es menester rechazar las expresiones que a destiempo hizo el Tribunal de Instancia en el sentido de que *"se presenta la reclamación contra el alimentante, su nueva cónyuge y la sociedad de gananciales por ellos compuesta, se emplazan y **emprenden veloz carrera** a obtener el divorcio con el aparente fin de que no se utilicen los ingresos del nuevo consorte del alimentante en la fijación o modificación de la pensión alimenticia".* (Enfasis nuestro).

**2.** El efecto que pudiera tener una determinación de colusión o fraude de los demandados al obtener su divorcio no está ante nuestra consideración. Cabría preguntarse si el fraude sería también al Tribunal, qué efecto tendría sobre el decreto de divorcio y si un tercero-parte interesada tiene facultad para buscar este remedio por razones de fraude.